IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANE DOE**, by and through next friend **JOHN DOE**, **RICHARD ROBINSON**, and **YOLANDA BROWN**, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>  v.<br><br>**APPLE INC.**,<br><br>        Defendant. | Case No. 3:22-cv-2575-RJD |

## APPLE INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL

Apple Inc. ("Apple"), by its undersigned counsel, respectfully requests that the Court permit Apple to file under seal unredacted versions of Exhibits 1 and 10 to Apple's Notice of Removal and Apple's Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, which are currently filed in redacted form. In support, Apple states:

1.      Plaintiffs' Amended Complaint refers to confidential and competitively sensitive Apple information in twelve paragraphs and three footnotes: paragraphs 74, 116, 119, 128–35, and 149, and footnotes 52, 54, and 56. *See* ECF Nos. 1-2, 1-11, and 10. In the state court, Plaintiffs filed the unredacted Amended Complaint under seal. Exhibits 1 and 10 to Apple's Notice of Removal, respectively, are the public, redacted version of the Amended Complaint filed in the state court and Plaintiffs' motion for leave to amend, which includes a redline containing the full text of the Amended Complaint. ECF Nos. 1-2, 1-11. Apple's Answer incorporates the full text of the allegations in the Amended Complaint that Plaintiffs filed under seal in state court. ECF No. 10.

2.      The claim in this action originated as part of an action Apple removed to this Court in 2020 and assigned to Chief Judge Rosenstengel, *Doe v. Apple Inc.*, Case No. 3:20-cv-421-NJR (the "2020 Action"). *See* ECF No. 1 ¶ 2.

3. Plaintiffs amended their complaint in the instant action (together with their complaint in the 2020 Action) after months of discovery in the 2020 Action. That discovery involved documents that Apple designated confidential or highly confidential pursuant to the Protective Order Regarding the Disclosure and Use of Discovery Materials entered in the 2020 Action, ECF No. 68 in No. 3:20-cv-421-NJR, because these documents reflect, reveal, or potentially can be used to piece together nonpublic, proprietary research or technical information about Apple's products, as well as its internal procedures and processes, which could result in prejudice and harm to Apple if disclosed to third parties, let alone made publicly available through a court filing.

4. Based on those confidential business and engineering documents, the Amended Complaint attempts to describe the planning, design, and operation of Apple's proprietary photo software (the "Photos app") and various functions related to the Photos app, ECF No. 1-2 ¶¶ 116, 128–35, 149, as well as Apple's internal and confidential terminology and code names for the software and functions at issue, *e.g.*, *id.* ¶¶ 74, 119, 121 nn. 52, 54, 56, 128–35. That the information is competitively sensitive is not in dispute; Plaintiffs themselves affirmatively allege that Apple "developed the face recognition 'feature' of the Photos App in order to competitively position its devices and software in the marketplace," *id.* ¶ 42, and speculate that the Photos app may embody at least seven patents[1], *id.* ¶¶ 72, 76–77 nn. 35–37, 103–05. Indeed, the Amended Complaint was filed under seal in the state court, and the allegations in question are identical to

---

[1] By referring to or quoting the Amended Complaint herein, Apple does not admit any of Plaintiffs' allegations or adopt any of its characterizations of Apple's internal documents or what they mean. However, regardless of whether Plaintiffs mischaracterize the documents, the Amended Complaint still reveals Apple's confidential information in a way that could result in harm to Apple if disclosed on the Court's public docket.

the same allegations by the same Plaintiffs in the 2020 Action that this Court previously permitted to be filed under seal. *See* ECF No. 98 in No. 3:20-cv-421-NJR.

5.  Although "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure, . . . documents that contain information that meets the definition of trade secret or other confidential information may be sealed." *Williamson v. S.A. Gear Co., Inc.*, 2017 WL 3971043, at *1 (S.D. Ill. Sept. 8, 2017) (quoting *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009)). Accordingly, courts routinely permit parties to file under seal "confidential, proprietary business information regarding" their "unique internal . . . procedures, . . . processes, and . . . information." *Id.* (granting defendants' motion to seal); *see Hanover Ins. Co. v. Morthland Inst. Of Higher Learning*, 2018 WL 3390856, at *2 (S.D. Ill. July 11, 2018) (finding that good cause existed to seal document and "portions of the complaint that directly quote from" that document, because the information at issue "could potentially be damaging to [defendant] and its ability to compete and operate" in its field); *see also SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (maintaining seal on document "that might [have given] other firms an unearned competitive advantage" if disclosed). Moreover, the Seventh Circuit has "limited the presumption of public access to materials that affect judicial decisions." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

6.  Here, the redacted information has not been used in furtherance of any judicial decision, but rather is based on confidential discovery materials produced by Apple. If such discovery materials are publicized, "[t]he increased risk of releasing commercially valuable information to the public also would induce litigants to resist disclosure in the first instance." *Id.* In fact, courts have permitted information to be filed under seal solely because it was "designated

3

as confidential in accordance with the parties' Protective Order," as is the case with the information at issue here. *See Bolden v. Walmart Stores, Inc.*, 2020 WL 8258242, at *3 (S.D. Ill. Dec. 11, 2020).

7. Apple does not request a blanket sealing order for the entire Amended Complaint and limits this request to twelve paragraphs (out of 223) and three footnotes (out of 87) that refer to nonpublic, confidential, and proprietary information and research that Apple relied on in developing and producing the Photos app. If disclosed, this confidential information would give Apple's competitors insights into trade secrets and other confidential business information and decision-making processes regarding the design and implementation of technologies within the Photos app, which is a software Apple developed through substantial effort and the investment of significant resources. Such a disclosure would harm Apple by giving its competitors an unwarranted competitive advantage and devaluing Apple's intellectual property, which it took years to develop and refine and the details of which Apple has endeavored to keep secret. Redacting this information from the Amended Complaint—rather than requesting that the entire pleading be filed under seal—is narrowly tailored to balance the public's right of access to court documents and protection of Apple's highly confidential and valuable trade secrets and business information.

Accordingly, Apple respectfully requests that the redacted material in Exhibits 1 and 10 to Apple's Notice of Removal and Apple's Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint remain redacted and that Apple be permitted to file under seal unredacted versions of those documents.

| | |
|---|---|
| **Dated**: November 11, 2022 | **Respectfully Submitted**, |
| | Apple Inc. |
| | By:  /s/ *Raj Shah*  <br>         One of its attorneys |
| Raj N. Shah (ARDC # 06244821)<br>Eric M. Roberts (ARDC # 6306839)<br>Matthew J. Freilich (ARDC # 6332688)<br>DLA Piper LLP (US)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>312.368.4000<br>raj.shah@dlapiper.com<br>eric.roberts@dlapiper.com<br>matt.freilich@dlapiper.com<br><br>Isabelle L. Ord*<br>DLA Piper LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, California 94105<br>415.836.2500<br>isabelle.ord@dlapiper.com | Russell K. Scott (ARDC # 02533642)<br>Greensfelder Hemker & Gale PC<br>12 Wolf Creek Drive, Suite 100<br>Belleville, Illinois 62226<br>618.239.3612<br>rks@greensfelder.com |

\* motion to appear *pro hac vice* forthcoming

**Certificate of Service**

      I hereby certify that on November 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that I caused a true and correct copy of the foregoing document to be served by electronic mail on the following attorneys of record:

Jerome J. Schlichter
jschlichter@uselaws.com
Andrew D. Schlichter
aschlichter@uselaws.com
Alexander L. Braitberg
abraitberg@uselaws.com
Nathan H. Emmons
nemmons@uselaws.com
**Schlichter Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102

Christian G. Montroy
cmontroy@montroylaw.com
**Montroy Law Offices, LLC**
2416 North Center
P.O. Box 369
Maryville, IL 62062

*Attorneys for Plaintiffs*

                                                    /s/ *Raj Shah*
                                                  Raj N. Shah