IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, by and through next friend John Doe, RICHARD ROBINSON, and YOLANDA BROWN, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 3:22-CV-2575-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

For the third time, Defendant Apple Inc. asks this Court to assert federal subject matter jurisdiction over Plaintiffs' claim that it violated section 15(c) of Illinois' Biometric Information Privacy Act ("BIPA"). (Doc. 1). For the third time, Plaintiffs oppose federal jurisdiction. (Doc. 24). And, for the third time, the Court remands this claim to the Circuit Court of St. Clair County, Illinois.

### BACKGROUND

The procedural history of this matter is well known to the parties and the Court. Plaintiffs initially filed suit in state court in March 2020, alleging that Apple violated BIPA by using its Photos App software to collect and store biometric data—faceprints—without consent from Illinois citizens. Apple subsequently removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). *Doe v. Apple*, No. 3:20-cv-421-NJR (S.D. Ill.), Doc. 1.

After raising the issue of its own subject matter jurisdiction, this Court found Plaintiffs lacked standing to assert BIPA section 15(a) and (c) claims in federal court. *Id.* at Doc. 26. Apple appealed that decision, and the Seventh Circuit vacated the Court's remand order in light of intervening precedent. *Id.* at Doc. 46-1. On reconsideration, the Court found Plaintiffs had standing to maintain their BIPA section 15(a) and (b) claims in federal court, but that Plaintiffs' claim based on section 15(c) still belonged in state court. *Id.* at Doc. 64. Specifically, the Court found that Plaintiffs had not alleged any particularized injury from Apple selling or otherwise profiting from their biometric data. *Id.* Rather, Plaintiffs claimed that Apple used its facial recognition technology to sell more devices, to advertise its software, and to give Apple an edge over competitors. *Id.* Because Plaintiffs had alleged "nothing more than a regulatory violation," which is sufficient to maintain a claim under Illinois law but not in federal court, the Court remanded the section 15(c) claim to the Circuit Court of St. Clair County, Illinois. *Id.*

On January 20, 2022, Plaintiffs filed an amended complaint in St. Clair County, alleging one violation of BIPA section 15(c). (Doc. 1-2). Apple filed a motion to dismiss the amended complaint, which the state court denied in a written order on October 10, 2022. (Doc. 1-3). The order was based on a proposed order submitted by Plaintiffs, which the state court adopted with few changes. (Doc. 1). On November 4, 2022, purportedly on the basis of the findings drafted by Plaintiffs and entered by the state court regarding Plaintiffs' section 15(c) claim, Apple removed the case to this Court. (*Id.*).[1]

---

[1] Apple seeks to file unredacted versions of Exhibits 1 and 10 to Apple's Notice of Removal and Apple's Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, which are currently filed in redacted form under seal. Because the documents contain nonpublic, proprietary information and

Plaintiffs now move to remand their section 15(c) claim to St. Clair County. (Doc. 24). Plaintiffs argue that Apple's removal to federal court is untimely, given that it occurred 10 months after Plaintiffs filed their amended state court complaint in January 2022. Plaintiffs further argue there is simply no basis for removing the action to federal court. Plaintiffs assert that their BIPA section 15(c) claim has remained the same throughout this litigation, and there is no authority for Apple to remove the case based on findings made by the state court in its order entered on October 10, 2022. Plaintiffs request that the Court grant them fees and costs incurred as a result of the improper removal under § 1447(c). Alternatively, they ask for Rule 11(c) sanctions.

Apple responded in opposition on January 13, 2023. (Doc. 31). Apple argues that it has satisfied the requirements for removal under CAFA,[2] it removed the case in a timely manner, and Plaintiffs' section 15(c) claim, as reframed by the state court's order, now alleges that Apple disseminates their individual biometric data. In other words, because the state court purportedly construed Plaintiffs' state court complaint to include a claim that Apple commercially disseminates biometric data, Plaintiffs have now alleged an individualized injury and *this* Court has subject matter jurisdiction over Plaintiffs' section 15(c) claim.[3]

---

internal procedures and processes, the motion (Doc. 13) is **GRANTED**. Similarly, Plaintiffs seek leave to file Exhibit A to Plaintiffs' Motion to Remand and for Sanctions under seal because Apple has designated material contained therein confidential pursuant to the protective order in the companion case in this Court. That motion (Doc. 26) is likewise **GRANTED**. Finally, Apple seeks leave to file its Motion to Supplement the Record, Instanter under seal. That motion (Doc. 35) is also **GRANTED**.

[2] There is no dispute that Apple has satisfied the requirements for removal under CAFA. The only dispute is whether Plaintiffs have claimed a particularized, concrete injury to establish standing in federal court.

[3] Apple also filed a sealed motion to supplement the record with deposition testimony from one of the named Plaintiffs, Richard Robinson, who testified that he suffered emotional damages because he feels like his privacy has been invaded. (Doc. 33). Robinson stated he did not give consent to Apple "to share my data or whatever or sell my data if they do. I'm pretty sure they do. It's Apple." (*Id.*). Plaintiffs oppose the

Plaintiffs filed a reply in support of their motion on February 3, 2023, arguing again that Apple's removal was untimely and that there is nothing in the October 10 order stating that Apple profited from Plaintiffs' individual biometric data. (Doc. 32).

## LEGAL STANDARD

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases and controversies," and "[a] plaintiff must establish standing to sue as part of the case-or-controversy limitation." *Pucillo v. Nat'l Credit Sys., Inc.*, ---F.4th---No. 21-3131, 2023 WL 3090627, at *2 (7th Cir. Apr. 26, 2023) (citing U.S. CONST. art. III, § 2; *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 937 (7th Cir. 2022), *cert. denied*, --- U.S. ----, 143 S. Ct. 775, 215 L.Ed.2d 46 (2023)). To establish standing, "[a] plaintiff must have (1) a concrete and particularized injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by judicial relief." *Id.* (citations omitted). "Where, as here, a case is removed from state court, the roles are reversed and the burden flips: In this procedural posture, *the defendant*, as the proponent of federal jurisdiction, must establish the plaintiff's Article III standing." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 (7th Cir. 2020) (citing *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 619 (7th Cir. 2020)).

Regarding the first requirement for standing, the only element at issue here, an

---

motion to supplement, arguing that deposition testimony cannot constitute a basis for removal when the claim it allegedly supports has not been pled. (Doc. 36). The Seventh Circuit has not stated whether deposition testimony can constitute an "other paper" for purposes of 28 U.S.C. § 1446. *Eberle v. Overdrive, Inc.*, No. 19-CV-466-JDP, 2019 WL 4727777, at *2 (W.D. Wis. Sept. 27, 2019). Other circuits have held that such testimony can constitute an "other paper," but those cases involved a party's citizenship or the amount in controversy for diversity or CAFA jurisdiction purposes. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (deposition testimony provided the first indication in that the amount in controversy exceeded $5 million). Because standing must be determined from the allegations in the complaint, *see supra*, Apple's Motion to Supplement is **DENIED.**

injury in fact is an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). The Supreme Court's directive is simple: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2200 (2021).

## DISCUSSION

I. **The State Court Order**

On October 10, 2022, Circuit Judge Heinz Rudolf denied Apple's motion to dismiss Plaintiffs' amended complaint. (Doc. 1-3). The state court found that Plaintiffs allege Apple "profits from the Biometric Data collected by Apple Devices by marketing the devices' facial recognition features to give Defendant 'a competitive edge' and enhance sales and profits." (*Id.* at pp. 2, 6). The court then found that Plaintiffs sufficiently allege Apple "possesses" biometric data on its devices through the Photos App and on its servers and "profits" from that biometric data, as required to state a claim under BIPA section 15(c). (*Id.* at pp. 4-5).

On the issue of profit, Apple urged the Court to construe section 15(c) as being limited to transactions where biometric information is exchanged for money. (*Id.* at p. 6). The court rejected that construction of section 15(c), noting that the parties had identified no cases where a court found section 15(c) can only be violated if there is an exchange of biometric information for money. (*Id.*). While there was one case where a California court did dismiss a section 15(c) claim,[4] Judge Rudolf found Plaintiffs' allegations more

---

[4] In *Vance v. Microsoft Corp.*, the court found the plaintiffs did not allege that Microsoft directly sold

analogous to cases like *Vance v. Amazon.com Inc.*, 534 F. Supp. 3d 1314, 1324 (W.D. Wash 2021), where the at-issue biometric data was "so integrated into a product that consumers necessarily gain access to biometric data by using the product or service." In doing so, the court referred to Plaintiffs' allegations that biometric information is "inextricably integrated" into Apple's devices, which "are preinstalled with software that automatically, surreptitiously, and without a user's consent create a database of biometric data that cannot be disabled by the user." (Doc. 1-3 at p. 7). Because Apple's devices then allow users to match new images of faces with that database of known facial images, "consumers necessarily gain access to biometric data by using the software." (*Id.*). Further, the court noted, Plaintiffs allege that Apple profited because it "received some benefit from the biometric data through increased sales of its improved products." (*Id.*). Quoting *Vance v. Microsoft Corp.*, the court found "Plaintiffs sufficiently allege that 'biometric data is itself so incorporated into' Defendant's 'product that by marketing the product, it is commercially disseminating the biometric data.'" (*Id.*).

The state court also cited dicta from *Tims v. Black Horse Carriers, Inc.*, for the proposition that an allegation that a defendant "'otherwise profit[s]' from biometric data *entails* (i.e., includes by necessity) the conclusion that a 'publication, conveyance, or dissemination' of biometric data has occurred." *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 466, 473 (Ill. 2021), *aff'd in part, rev'd in part*, 2023 IL 127801, ¶ 32 (Ill. 2023). The state court noted that the *Tims* court was faced with a statute of limitations issue, not the

---

biometric data, nor did they allege that the biometric data is itself was so incorporated into Microsoft's product that by marketing the product, it was commercially disseminating the biometric data. 534 F. Supp. 3d 1301, 1309 (W.D. Wash. 2021). Thus, the court dismissed the plaintiffs' section 15(c) claim. *Id.*

elements of a section 15(c) claim. Nevertheless—perhaps in the event the Illinois Supreme Court affirmed the *Tims* court's construction of section 15(c)—the state court found that "Plaintiffs' Amended Complaint contains allegations that [Apple] commercially disseminates biometric data by incorporating that data into [Apple's] devices."[5] (*Id.*).

Finally, the state court looked at Plaintiffs' aggrievement under *Rosenbach v. Six Flags Ent. Corp.*, 129 N.E.3d 1197 (Ill. 2019). The court noted that a plaintiff need not allege individual harm to state a BIPA claim in state court, but rather must only plead that their legal rights were invaded. (*Id.* at p. 8). The court concluded: "Plaintiffs allege [Apple's] section 15(c) violation invaded the legal rights of Plaintiffs and class members. Under *Rosenbach*, Plaintiffs need not show further injury or damage beyond the statutory violation. The Court finds that Plaintiffs have adequately alleged that they are aggrieved under *Rosenbach*." (*Id.*). Accordingly, the state court denied Apple's motion to dismiss. (*Id.*).

Twenty-five days later, Apple removed the case to this Court.

## II.   Apple Timely Filed Its Notice of Removal

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order* or *other paper from which it may first be ascertained that the case is one which is or has become removable.*"

---

[5] The Illinois Supreme Court affirmed *Tims* in part and reversed in part on February 2, 2023. *Tims v. Black Horse Carriers, Inc.*, --- N.E.3d ----2023, 2023 WL 1458046 (Ill. 2023). The court noted that arguably the words "sell," "lease," and "trade," in section 15(c) could be defined as involving "publication of matter" violating a privacy right, and thus subject to a one-year statute of limitations under 735 ILCS 5/13-201. The court declined to impose the one-year limitation, however, and instead imposed a five-year statute of limitations on section 15(c) and (d) claims. *Id.*

28 U.S.C. § 1446(b)(3) (emphasis added). "A defendant may remove even a previously remanded case if subsequent pleadings or litigation events reveal a new basis for removal. . . . And separate removal attempts are governed by separate removal clocks." *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 238 (7th Cir. 2021). Moreover, "defendants are not required to engage in guesswork about a plaintiff's legal theory or exhaustively scrutinize ambiguous pleadings to discern whether the plaintiff is trying to obscure a basis for federal jurisdiction." *Id.* at 240. "If it is not clear from the face of the complaint" that a plaintiff has asserted a basis for federal jurisdiction, "the removal clock will not begin to run until the defendant receives a pleading or other paper" that establishes jurisdiction. *Id.* at 240-41.

Here, Apple filed its Notice of Removal on November 4, 2022, which is less than 30 days after the state court entered its order on October 10, 2022. That order, according to Apple, first allowed it to ascertain that Plaintiffs were alleging the "commercial dissemination" of their biometric data, that is—as Apple sees it—an individualized injury. Thus, Apple argues, the case became removable on October 10, 2022. While the Court ultimately disagrees that this case belongs in federal court, the Court finds that Apple's Notice of Removal was timely filed within 30 days of the state court's order that allegedly revealed a basis for removal.

### III.   Apple Has Not Established Plaintiffs' Article III Standing

Although Apple timely filed its Notice of Removal, the Court finds that Apple's grounds for removal are insufficient to keep the case in federal court.

BIPA section 15(c) prohibits entities in possession of a person's or customer's

biometric identifiers or information from selling, leasing, trading, or otherwise profiting from that data. 740 ILL. COMP. STAT. § 14/15(c). This Court previously remanded Plaintiffs' section 15(c) claim, twice, because Plaintiffs alleged Apple used its facial recognition technology to sell more devices, advertise its software, and to give Apple an edge over competitors. *Doe v. Apple*, No. 3:20-cv-421-NJR (S.D. Ill.), Docs. 26, 64. As Plaintiffs did not allege Apple sold or otherwise profited from their *individual* biometric data, however, the Court found Plaintiffs failed to allege a particularized or concrete injury necessary for Article III standing. *Id.*

Now, Apple argues, the state court—through its adoption of Plaintiffs' proposed order—has completely reframed Plaintiffs' theory of the case. Apple claims that Plaintiffs, for the first time, allege the "commercial dissemination" of Plaintiffs' and other class members' biometric data. Apple also contends that the state court concluded Plaintiffs have alleged "an unlawful dissemination of their private, biometric data." (Doc. 1 at p. 14).

To begin, Apple has cited no authority indicating a state trial court can change, reframe, or add allegations to the claims made by a plaintiff. Apple mentions numerous times that Plaintiffs provided the state court with a proposed order that was entered with few modifications, but a proposed order is just that—proposed. It is not a pleading, nor is it a request for leave to amend the complaint, as would be required for the court to add a claim. *See Ligon v. Williams*, 637 N.E.2d 633, 638 (Ill. App. Ct. 1994) ("[T]he circuit court's jurisdiction, while plenary, is not boundless, and where no justiciable issue is presented to the court through proper pleadings, the court cannot adjudicate an issue *sua sponte*.

Orders entered in the absence of a justiciable question properly presented to the court by the parties are void since they result from court action exceeding its jurisdiction."); *Expedited, Inc. v. Korunovski*, 2021 IL App (1st) 192323-U, ¶ 47, *appeal denied*, 183 N.E.3d 872 (Ill. 2021) (quoting *Ligon* and finding that a court cannot adjudicate a claim that is not pleaded against a party).

Nor does this Court find that the state court modified or reframed Plaintiffs' claim to allege an individualized injury. To be sure, disclosure of private information is a concrete harm for standing purposes. *TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2200 (2021) (citing *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008)). Nowhere in their amended complaint, however, do Plaintiffs allege their personal biometric information has been disclosed, distributed, or disseminated. The state court order does not reference dissemination of Plaintiffs' *personal* data or any other particularized harm, which is required to establish standing in federal court. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (to establish standing, the party invoking federal jurisdiction must show a particularized harm that affects the plaintiffs in a personal way, not simply "a generalized grievance shared by all members of the public"). Instead, the state court found that Plaintiffs alleged Apple "invaded their legal rights," which is in insufficient for standing in federal court but adequate to state a statutory violation under *Rosenbach*.

Moreover, even if the state court did reframe Plaintiffs' claims, which it did not, none of the statements interpreting Plaintiffs' Amended Complaint are binding on this Court. *See Aguiar v. Hilton Worldwide Corp.*, No. 21-CV-2580, 2022 WL 3139573, at *3 (N.D.

Ill. Aug. 5, 2022) ("Illinois circuit court orders are neither binding nor precedential."); *People v. Canulli*, 341 Ill. App. 3d 361, 370, 792 N.E.2d 438, 444 (2003) ("Courts are not bound to follow decisions of equal or inferior courts."). Apple has provided no authority that the wording of a state court's interlocutory order on a motion to dismiss can (1) amend a plaintiff's claim; and (2) make that interpretation of the claim binding on a federal court deciding an entirely different issue.

The fact that a federal court must ensure its own subject matter jurisdiction compels this conclusion. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) ("Because standing is an essential ingredient of subject-matter jurisdiction, it must be secured at each stage of the litigation. . . . even if a party does not challenge the court's subject-matter jurisdiction, federal courts are obliged to police the constitutional . . . limitations on their jurisdiction."). And when analyzing standing, a court must look at the allegations in the plaintiff's complaint. *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("When courts analyze standing, 'allegations matter.'"); *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1246, 1248 (7th Cir. 2021) ("Our job is to decide whether [plaintiffs] have Article III standing to pursue the case they have presented in their complaint."). "Standing often depends on what theory a plaintiff advances and how injury would be proved." *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021).

Here, the allegations made in Plaintiffs' amended complaint are virtually unchanged from the claims that were previously remanded. As argued by Plaintiffs, their "allegation has always been that their section 15(c) claim is based on Defendant's profit from marketing devices inextricably bundled with biometric functionality that users

could not disable." (Doc. 24 at p. 16). Nowhere in the amended complaint do Plaintiffs allege their personal biometric information has been disclosed or distributed; nowhere in the amended complaint do Plaintiffs allege a particularized harm.

For these reasons, the Court again finds that Plaintiffs do not have standing to maintain their BIPA section 15(c) claim in federal court. Accordingly, it must be remanded to the Circuit Court of St. Clair County, Illinois.

## IV.   Cost-Shifting Under 28 U.S.C. § 1447(c)

Plaintiffs ask the Court to award costs and fees under 28 U.S.C. § 1447(c) because Apple's removal was baseless and improper. (Doc. 24 at p. 17). Alternatively, Plaintiffs seek sanctions under Rule 11(c) since there is no good-faith explanation for Defendants' removal of a previously remanded claim. (*Id.* at p. 18).

While sanctions are not warranted in this instance, the Court will award costs under § 1447(c). Under that provision, courts remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Gloron Ins. Grp. LLC v. Silverman*, No. 20-CV-410-JDP, 2020 WL 2198099, at *2 (W.D. Wis. May 6, 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Apple claims it had an objectively reasonable basis for removing the section 15(c) claim described in the state court's October 10 order in that there is substantial unresolved

conflict in the case law relevant to BIPA section 15(c). (Doc. 31 at p. 18). Apple also asserts that its removal has not caused any delay in the proceedings and that Plaintiffs have not cited to any clearly established law that foreclosed the removal of Plaintiffs' section 15(c) claim "as defined in the October 10 Order." (*Id.* at p. 19).

Regardless of whether the law around section 15(c) is unsettled, the law relevant to Article III standing is not. Removing a case to federal court based on a state court order that finds Plaintiffs sufficiently alleged a statutory violation but never mentions any individual harm to Plaintiffs is not objectively reasonable. For this reason, the Court awards Plaintiffs their costs and fees under 28 U.S.C. § 1447.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Apple's Motion for Leave to File Under Seal (Doc. 13), Plaintiffs' Motion to Seal Documents (Doc. 26), and Apple's Motion to Seal its Motion for Leave to Supplement the Record, Instanter (Doc. 35). The Court **DENIES** Apple's Motion for Leave to Supplement the Record, Instanter (Docs. 33, 34). Finally, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 24), **REMANDS** this action to the Circuit Court of St. Clair County, Illinois, and **AWARDS** Plaintiffs their costs and fees under 28 U.S.C. §1447.

**IT IS SO ORDERED.**

DATED:   May 8, 2023

                                                      **NANCY J. ROSENSTENGEL**
                                                      **Chief U.S. District Judge**